## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LOUIS MARCUS TRASK** | * | **CIVIL ACTION** |
| | * | **NO.:** |
| **VERSUS** | * | |
| | * | **SECTION " " MAG.** |
| **ST. TAMMANY PARISH SHERIFF'S OFFICE,** | * | |
| **RANDY SMITH, OFFICER JASON D.** | * | Judge: |
| **WILSON, OFFICER DAVID W. MAKI,** | * | |
| **AND OFFICER PRESTON S. McCARRA** | * | Magistrate |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * | | **JURY TRIAL REQUESTED** |

### COMPLAINT

The petition of LOUIS MARCUS TRASK , a person of the full age of majority and resident

of the County of Mobile, State of Alabama, respectfully represents:

1.

The following parties are made defendants in solido herein:

1.   **ST. TAMMANY PARISH SHERIFF'S OFFICE**, an agency within the State of

Louisiana that is liable unto Plaintiff for the claims asserted herein;

2.   **RANDY SMITH**, in both a personal and official capacity, who is a competent

person of the full age of majority and a domiciliary of the Parish of St. Tammany,

State of Louisiana, and who is liable unto Plaintiff for the claims asserted herein;

3.   **OFFICER JASON D. WILSON** in his capacity as a St. Tammany Parish Sheriff's

Officer and personally, who is a competent person of the full age of majority and a

domiciliary of the Parish of St. Tammany, State of Louisiana, and who is liable unto

Plaintiff for the claims asserted herein;

4.   **OFFICER DAVID W. MAKI** in his capacity as a St. Tammany Parish Sheriff's

Officer and personally, who is a competent person of the full age of majority and a

domiciliary of the Parish of St. Tammany, State of Louisiana, and who is liable unto Plaintiff for the claims asserted herein;

5.    **OFFICER PRESTON S. McCARRA** in his capacity as a St. Tammany Parish Sheriff's Officer and personally, who is a competent person of the full age of majority and a domiciliary of the Parish of St. Tammany, State of Louisiana, and who is liable unto Plaintiff for the claims asserted herein.

2.

This is an action for damages sustained by a citizen of the United States against ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, AND OFFICERS JASON WILSON, DAVID MAKI AND PRESTON McCARRA who violated the civil rights of a citizen and unlawfully and without complete investigation committed false arrest, false imprisonment and battery on Louis Trask; against Randy Smith ("Smith") as the Sheriff of the St. Tammany Parish Sheriff's Office as the supervisory officer responsible for the conduct of the St. Tammany Parish Sheriff's Officers and for his failure to take corrective action with respect to police officers whose careless investigation led to false arrest and battery which were known or should have been known to Smith; to assure proper training and supervision of officers; or to implement meaningful procedure to discourage lawless official conduct and against the St. Tammany Parish Sheriff's Office for the acts of St. Tammany Parish Sheriffs officers and Sheriff Smith, and for official policies or customs of the St. Tammany Parish Sheriff's Office which the St. Tammany Parish Sheriff's officers and Sheriff Smith were carrying out and for the inadequacy of police training and supervision which amounts to deliberate indifference to the rights of citizens with whom the police come into contact.

2

3.

## JURISDICTION AND VENUE

The Honorable Court possesses jurisdiction over the civil action pursuant to 28 U.S.C. § 1331 and 28 U.S.C.§ 1443 because plaintiff asserts a claim under the Constitution, laws, or treatises of the United States, namely 42 U.S.C.§ 1983.

4.

Additionally, this Honorable Court possesses supplemental jurisdiction over Plaintiff's state law based claims for false arrest, assault, abuse of process, defamation of character and battery pursuant to 28 U.S.C.§ 1367 because these claims arise from a common nucleus of operative facts.

5.

Jurisdiction is also based upon diversity of citizenship and requisite jurisdictional amount pursuant to Title 28 U.S.C., Section 1333 *et seq*.

6.

The amount in controversy herein exceeds SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00), excluding interest and costs.

7.

At all times relevant hereto and in all of their actions described herein, defendants were acting under the color of law and pursuant to their authority as police personnel.

8.

Defendants are truly and justly indebted unto Plaintiff for the full and true sum of compensatory damages and punitive damages as are reasonable in the premises, together with interest due from the date of judicial demand until paid and for all costs of these proceedings,

including attorney's fees.

9.

## **FACTUAL ALLEGATIONS**

Plaintiff, Louis Trask, is a citizen of the United States living in Mobile, Alabama.  Louis Trask has never been charged with a violent crime, nor a crime against a person as listed in LSA-R.S Title 14.

10.

On or about Saturday, September 29, 2018, at approximately 2206 hours, Deputy Preston McCarra and Deputy First Class Jason Wilson were dispatched to a complaint of a disturbance with possible shots fired, and responded as backup units at 62148 North 5th Street, Slidell, Louisiana.

11.

Upon arrival, Deputy McCarra and Deputy Wilson stopped their patrol vehicle behind Deputy Taylor Lewis's patrol vehicle, and observed Deputy Lewis and Deputy John Hrabley running towards a group of six subjects, including plaintiff, at the end of a dead-end street  with vehicles in the road near the end of the dead-end street.  Deputy McCarra and Deputy Wilson quickly rushed to join Deputy Lewis and Deputy Hrabley.

12.

At this time, upon information and/or belief, all subjects, including plaintiff, were held at gunpoint by Deputies McCarra, Hrabley, Lewis and Wilson.

12.

Upon information and/or belief, all subjects were then given loud verbal commands to keep their hands displayed and to slowly walk, one at a time, towards the deputies.

13.

Mr. Trask complied with officers and was not aggressive or hostile.

14.

At which time, upon information and/or belief, fearing for his life, Mr. Trask informed the officers about a magazine in his possession and requested that the officers approach him and safely restrain him with handcuffs in order to insure the safety of the responding officers.

15.

Mr. Trask was never informed that he was being placed under arrest.

16.

Then suddenly and without warning, Mr. Trask was slammed to the ground by several of the officers.  During this forceful apprehension of Mr. Trask, Mr. Trask was slammed onto the concrete, causing him severe injuries.

17.

Plaintiff avers that the intentional tortuous and criminal battery and injuries caused therefrom occurred as a direct and proximate result of the violent and vicious misconduct of the defendants, Officers Jason Wilson, David Maki and Preston McCarra, which intentional conduct and/or fault are listed more particularly, but not exclusively, as follows:

a.   Defendants Officers Jason Wilson, David Maki and Preston McCarra, intentional conduct caused plaintiff to sustain serious physical, emotional and psychological injuries;

b.   Defendants Officers Jason Wilson, David Maki and Preston McCarra battered plaintiff when they knew or in the exercise of reasonable care should have known,

that there existed a risk of harm;

c.      Battery upon plaintiff;

d.      Such other acts of commission and omission that constitute legal fault which may be learned and found through discovery and later proven upon the trial of this litigation.

All of the foregoing acts of intentional conduct and fault were in violation of the law of the State of Louisiana, ordinances of the Parish of St. Tammany, which are hereby specifically pleaded and adopted by this reference as if set forth at this point in extenso.

18.

The St. Tammany Parish Sheriff's Office and Sheriff Randy Smith as the employers of Officers Jason Wilson, David Maki and Preston McCarra, are liable for the assault, battery, and other torts committed by Officers Jason Wilson, David Maki and Preston McCarra while acting in the course and scope of their employment with the St. Tammany Parish Sheriff's Office and/or Sheriff Randy Smith.

19.

Plaintiff is informed and believes, and on the basis of such information and belief, alleges that the St. Tammany Parish Sheriff's Office and Sheriff Randy Smith, with deliberate indifference, gross negligence and reckless disregard to the safety, security, and constitutional statutory rights of Plaintiff, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices or customs  and usages of, among other things:

a.      Failing to adequately train, supervise and control employees concerning proper police procedure pertaining to detention, arrest, and use of force;

b.      Failing to adequately discipline officers involved in this conduct.

6

20.

As a consequence of the aforesaid injuries, plaintiff categorizes his damages which he is entitled to recover from the defendants in solido, as follows:

a.    Past and future medical expenses, including but not limited to hospital, physician, medication, diagnostic testing, physical therapy, and any other health care expense;

b.    Past and future rehabilitative expenses;

c.    Loss of past and future income, wages, benefits, and other compensation;

d.    Loss of earning capacity;

e.    Loss of insurability;

f.    Past and future physical pain and suffering;

g.    Past and future mental and emotional anguish and distress;

h.    Loss of enjoyment of life;

i.    Costs of these proceedings and expert fees; and

j.    Punitive/exemplary damages and attorney fees;

k.    Other damages which will be shown through discovery and proven at trial.

**CLAIMS BASED UPON VIOLATION OF PLAINTIFF'S**

**CIVIL RIGHTS AS PER 42 U.S.C.§1983**

21.

Plaintiff hereby avers and incorporates by reference each allegation (factual or otherwise) set forth in paragraphs 1 through 20, as if copied herein *in extenso.*

22.

At all times material hereto, the St. Tammany Parish Sheriff's officers and Smith were acting

under the color of state law in their official capacity as law enforcement officers employed by the St. Tammany Parish Sheriff's Office .

23.

The afore-described conduct, actions and lack of actions by defendants, the St. Tammany Parish Sheriff's officers and Smith, violated the federally protected rights, privileges and/or immunities of plaintiff as secured by the Constitution and laws of the United States, including those protections against use of excessive force and detention. The St. Tammany Parish Sheriff's officers used excessive force constituting a violation of the Fourteenth Amendment of the United States Constitution.

24.

The St. Tammany Parish Sheriff's Office officers' infliction of personal injury on plaintiff, Louis Trask, deprived Mr. Trask of liberty without due process of law in derogation of his rights under the Fourteenth Amendment of the United States Constitution, thereby allowing recovering of damages under 42 U.S.C.§ 1983.

25.

Plaintiff is informed and believes, and on the basis of such information and belief, alleges that the St. Tammany Parish Sheriff's Office and Sheriff Randy Smith, with deliberate indifference, gross negligence and reckless disregard to the safety, security, and constitutional statutory rights of Plaintiff, maintained, enforced, tolerated, permitted, acquiesced in , and applied policies, practices or customs and usages of, among other things:

  a. Failing to adequately train, supervise and control employees concerning proper police procedure pertaining to detention, arrest, and use of force;

8

b.    Failing to adequately discipline officers involved in this conduct and lack of conduct.

26.

Plaintiff is informed and believes, and on the basis of such information and belief, alleges that the St. Tammany Parish Sheriff's Office and Sheriff Randy Smith ordered, authorized, acquiesced in tolerated, permitted or maintained custom and usages permitting the defendants herein to engage in the unlawful and unconstitutional actions, policies, practices and customs or usages set forth in the foregoing paragraph.  Defendants' conduct, as alleged herein, constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence or reckless disregard fo the safety, security and rights of Plaintiff.

**CLAIMS BASED ON LOUISIANA STATE LAW - ASSAULT AND BATTERY**

27.

Plaintiff hereby avers and incorporates by reference each allegation (factual or otherwise) set forth in the paragraphs 1 through 20, as if copied herein *in extenso*.

28.

At all times material hereto, the St. Tammany Parish Sheriff's  officers were acting within the course and scope of their employment with the St. Tammany Parish Sheriff's Office and/or Sheriff Randy Smith.  The St. Tammany Parish Sheriff's officers tortuously engaged in purposeful lacking investigation and outrageous conduct, actions and lack of action, by subjecting Plaintiff to an egregious use of force, detention, arrest, false imprisonment, and violation of Constitution rights and liberties.

29.

The St. Tammany Parish Sheriff's Office and/or Sheriff Randy Smith are vicariously liable

for these tortious acts or omissions by the St. Tammany Parish Sheriff officers pursuant to LSA-C.C.art 2320 and the doctrine of *respondent superior.*

## COMPENSATORY DAMAGES

30.

Plaintiff hereby avers and incorporates by reference each allegation (factual or otherwise) set forth in paragraphs 1 through 21 as if copied herein *in extenso.*

31.

As a result of the subject incident, Plaintiff sustained legally cognizable damages including:

a.      Past, present and future physical pain and suffering;

b.      Past, present and future mental anguish;

c.      Past, present and future medical expenses;

d.      Loss of enjoyment of life;

e.      Humiliation and embarrassment;

f.      Medical Expenses;

g.      Wage loss and impairment of earning capacity;

h.      Loss of opportunity to reestablish custody and visitation with his biological daughter

i.      Other damages to be proven at the time of trial.

32.

Plaintiff is further entitled to an award of punitive damages under 42 U.S. C.§ 1983 due to defendants' tortious conduct, actions, and lack of actions resulting from their recklessness or callous indifference to the federally protected rights of Plaintiff.

10

33.

Plaintiff is further entitled to attorney's fees pursuant to 42 U.S.C.§ 1988.

34.

Plaintiff also is entitled to a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**WHEREFORE**, plaintiff, LOUIS MARCUS TRASK, prays that after the solidary defendants have been duly served, citations issued and due proceedings had, there be judgment herein in favor of plaintiff, LOUIS MARCUS TRASK, and against the solidary defendants, ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, AND OFFICERS JASON WILSON, DAVID MAKI AND PRESTON MCCARRA in a principal sum which is sufficient and adequate to justly, fairly, and legally compensate LOUIS MARCUS TRASK as a result of his injuries, for all pecuniary and non-pecuniary losses, and general and special damages; punitive damages and attorney fees together with legal interest thereon from the date of judicial demand and for all costs of these proceedings.

Plaintiff further prays for all general and equitable relief as this Court may deem lawful, necessary, proper, and just and TRIAL BY JURY.

Respectfully submitted by:

_____

JOHN M. ROBIN, LSBA #11341
ZACHARY D. RHODES, LSBA #38063
CATHERINE M. ROBIN, LSBA #37398
600 COVINGTON CENTER
COVINGTON, LOUISIANA 70433
TELEPHONE: 985-893-0370
FAX: 985-893-2511
**johnmrobin@johnmrobinlaw.com**

**RETURN FOR SERVICE VIA WAIVER OF SERVICE:**

**ST. TAMMANY PARISH SHERIFF'S OFFICE**
701 N. Columbia Street
Covington, LA 70433

**RANDY SMITH**
St. Tammany Parish Sheriff's Office
701 N. Columbia Street
Covington, LA 70433

**SEE NEXT PAGE**

**OFFICER JASON D. WILSON**
St. Tammany Parish Sheriff's Office
701 N. Columbia Street
Covington, LA 70433

**OFFICER DAVID W. MAKI**
St. Tammany Parish Sheriff's Office
701 N. Columbia Street
Covington, LA 70433

**OFFICER PRESTON S. McCARRA**
St. Tammany Parish Sheriff's Office
701 N. Columbia Street
Covington, LA 70433