# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUIS MARCUS TRASK | CIVIL ACTION |
| VERSUS | NO: 19-12682 |
| ST. TAMMANY PARISH SHERIFF'S OFFICE, RANDY SMITH, OFFICER JASON D. WILSON, OFFICER DAVID W. MAKI, AND OFFICER PRESTON S. McCARRA | SECTION: T |

## ORDER

Before the Court is a Rule 12(b)(6) Motion to Dismiss[1] filed by the St. Tammany Parish Sheriff's Office and a Motion to Dismiss Pursuant to Rule 12(b)(6)[2] filed by Sheriff Randy Smith, Deputy Jason D. Wilson, Deputy David W. Maki, and Deputy Preston S. McCarra ("Defendants"). Louis Marcus Trask ("Plaintiff") has filed opposition memoranda.[3] For the following reasons, the Rule 12(b)(6) Motion to Dismiss[4] filed by the St. Tammany Parish Sheriff's Office is **GRANTED.** The Motion to Dismiss Pursuant to Rule 12(b)(6)[5] filed by Sheriff Randy Smith, Deputy Jason D. Wilson, Deputy David W. Maki, and Deputy Preston S. McCarra is **GRANTED.**

## BACKGROUND

This lawsuit arises out of a September 29, 2018 encounter involving a number of St. Tammany Parish Sheriff deputies and Plaintiff.[6] Plaintiff brings a claim for damages under 42 U.S.C. § 1983 for "false arrest, assault, abuse of process, defamation of character and battery."[7] Plaintiff alleges that Deputy Preston McCarra and Deputy Jason Wilson were dispatched on a "shots fired" complaint and responded as backup units at 62148 North 5th Street, Slidell,

---

[1] R. Doc. 7.
[2] R. Doc. 13.
[3] R. Docs. 8 and 19.
[4] R. Doc. 7.
[5] R. Doc. 13.
[6] R. Doc. 1.
[7] R. Doc. 1, ¶4.

1

Louisiana.[8] Upon arrival, McCarra and Wilson observed fellow Deputies Taylor Lewis and John Hrabley "running towards a group of six subjects, including plaintiff, at the end of a dead-end street with vehicles in the road near the end of the dead-end street."[9] McCarra and Wilson "quickly rushed" to join their fellow deputies.[10]

The four deputies then stopped the group of subjects, including Plaintiff, with weapons drawn.[11] The officers then issued loud verbal commands to all subjects to "keep their hands displayed and to slowly walk, one at a time, towards the deputies."[12] Plaintiff "informed the officers about a magazine in his possession and requested that the officers approach him and safely restrain him with handcuffs in order to insure the safety of the responding officers."[13] Suddenly and without warning, Plaintiff was slammed to the ground causing Plaintiff severe injuries.[14]

St. Tammany Parish Sheriff's Office and Defendants have both moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[15] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[16] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that

---

[8] R. Doc. 1, ¶10.
[9] R. Doc. 1, ¶11.
[10] R. Doc. 1, ¶11.
[11] R. Doc. 1, ¶12.
[12] R. Doc. 1, ¶13.
[13] R. Doc. 1, ¶14.
[14] R. Doc. 1, ¶16.
[15] Fed. R. Civ. P. 12(b)(6).
[16] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

is plausible on its face.'"[17] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[18] and the documents attached to the complaint.[19] In addition to facts alleged in the pleadings, however, the district court "may also consider matters of which [it] may take judicial notice,"[20] which includes matters of public record.[21]

### A. Claims Against the St. Tammany Parish Sheriff's Office

In Louisiana, the parish sheriff's offices are not legal entities capable of being sued.[22] Therefore, the Court finds Plaintiff's complaint fails to state a claim upon which relief can be granted against the St. Tammany Parish Sheriff's Office.

### B. Qualified Immunity for Deputies in Their Individual Capacities

Defendants contend Deputies Wilson, Maki, and McCarra are entitled to qualified immunity.[23] Under the doctrine of qualified immunity, public officials are shielded from liability for civil damages "unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct."[24] "To overcome the immunity defense, the complaint must allege facts that, if proven, would demonstrate that [each defendant] violated clearly established statutory or constitutional rights."[25]

Plaintiff contends the Defendants violated Plaintiff's Fourth Amendment rights by using excessive force.[26] In the context of an excessive force claim, a plaintiff seeking to overcome

---

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[18] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[19] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[20] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996).
[21] *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).
[22] *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988), *Warren v. New Orleans Police Dep't*, 1992 WL 233786, at *1 (E.D. La. Sept. 2, 1992) (*citing Jenkins v. Jefferson Parish Sheriff's Office*, 385 So.2d 578 (La. App. 4th Cir. 1980)), *Price v. Orleans Par. Sheriff's Office,* 2016 WL 6477035, at *2 (E.D. La. July 22, 2016), *report and recommendation adopted*, 2016 WL 6441278 (E.D. La. Nov. 1, 2016).
[23] R. Doc. 13-1, p.4.
[24] *Heaney v. Roberts,* 846 F.3d 795, 801 (5th Cir. 2017) (*quoting Reichle v. Howards*, 566 U.S. 658, 664 (2012)).
[25] *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 995 (5th Cir. 1995).
[26] *Graham v. Connor*, 490 U.S. 386, 396 (1989).

qualified immunity must show: "(1) injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."[27] "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[28] This is an objective standard: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."[29]

Here, the Court finds that Plaintiff has failed to allege that Defendants used excessive force that was clearly unreasonable. The Court finds the Defendants actions were objectively reasonable in light of the facts and circumstances in this case. Plaintiff acknowledges that Defendants were responding to a complaint of a disturbance with possible shots fired at 10:06 p.m.[30] and that two deputies observed two other deputies running towards a group of six subjects, including Plaintiff.[31] In response to Plaintiff informing Defendants that Plaintiff was in possession of a magazine, Defendants allegedly slammed Plaintiff to the ground.[32] The Court finds that the Defendants actions were objectively reasonable under the circumstances, and Defendants are, therefore, entitled to qualified immunity.

### C. Claim against Sheriff Smith in His Individual Capacity

"In order to succeed on a § 1983 claim against an official in his individual capacity, a plaintiff must 'establish that the defendant was either personally involved in the deprivation [of a constitutional right] or that his wrongful actions were causally connected to the deprivation.'"[33]

---

[27] *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007).
[28] *Graham*, 490 U.S. at 396.
[29] *Id.* at 397; *see also Tennessee v. Garner,* 471 U.S. 1, 9 (1985) (courts must determine whether "the totality of the circumstances justified" the particular use of force).
[30] R. Doc. 1, ¶10.
[31] R. Doc. 1, ¶11.
[32] R. Doc. 1, ¶16.
[33] *Mitchell v. City of New Orleans*, 184 F. Supp. 3d 360, 374 (E.D. La. May 2, 2016) (Barbier, J.) (*quoting Jones v. Lowndes Cty.*, 678 F.3d 344, 349 (5th Cir. 2012)).

4

"A supervisor is not personally liable for his subordinate's actions in which he had no involvement."[34] Plaintiff does not contend that Sherriff Smith was personally involved in the September 2018 incident. Thus, to survive a Rule 12(b)(6) challenge to his claim against Sherriff Smith in his individual capacity, Plaintiff must sufficiently plead the existence of supervisory liability.

"A supervisor cannot be held liable under section 1983 on the basis of *respondeat superior* .... Rather, the misconduct of the subordinate must be affirmatively linked to the action or inaction of the supervisor."[35] Plaintiff must allege facts sufficient to show that (1) Sheriff Smith either failed to supervise or train the subordinate officials; (2) a causal link exists between the failure to train or supervise and the violation of Plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.[36] Plaintiff's complaint fails to allege any facts to support supervisory liability. The Court, therefore, finds that Plaintiff has failed to state a claim upon which relief may be granted against Sherriff Smith in his individual capacity.

### D. Claim against Sheriff Smith in His Official Capacity

"A suit against a governmental officer 'in his official capacity' is the same as a suit 'against [the] entity of which [the] officer is an agent.'"[37] As the Fifth Circuit has explained, under Louisiana law, "the sheriff in his official capacity is the appropriate governmental entity on which to place responsibility for the torts of a deputy sheriff."[38] Thus, the Court considers Plaintiff's claims against Sheriff Smith in his official capacity as claims against the St. Tammany Parish Sheriff as a legal entity.

---

[34] *James v. Tex. Collin Cty.,* 535 F.3d 365, 373 (5th Cir. 2008).
[35] *Southard v. Tex. Bd. of Criminal Justice,* 114 F.3d 539, 550 (5th Cir. 1997).
[36] *Smith v. Brenoettsy*, 158 F.3d 908, 911–12 (5th Cir. 1998).
[37] *McMillian v. Monroe Cty.,* 520 U.S. 781, 785 n.2 (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).
[38] *Burge v. Parish of St. Tammany*, 187 F.3d 452, 469–70 (5th Cir. 1999); *see also Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 283 (5th Cir. 2002) (citing *Porche v. St. Tammany Parish Sheriff's Office*, 67 F. Supp. 2d, 631, 635 (E.D. La. Oct. 5, 1999) (Lemmon, J.)).

5

The Fifth Circuit has explained that, "[t]o establish municipal liability under § 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken 'pursuant to an official municipal policy.'"[39] "[The] plaintiff must identify: '(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom.'"[40] In this case, the Plaintiff fails to make any factual allegations to support that the Defendants' actions were taken pursuant to any official municipal policy. Plaintiff, therefore, fails to state a claim upon which relief may be granted against Sheriff Smith in his official capacity.

### E. Claim against David Maki in His Individual Capacity

Defendants contend Plaintiff fails to state a claim against David Maki because Plaintiff's complaint fails to assert any factual allegations related to David Maki. Plaintiff's opposition represents Plaintiff has no objection to dismissing David Maki. The Court, therefore, finds Plaintiff fails to state a claim upon which relief may be granted against David Maki.

### F. State Law Claims

Defendants contend Plaintiff's state law claims should be dismissed if Plaintiff's federal claims are dismissed. Because the Court has dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

### CONCLUSION

Accordingly, the Rule 12(b)(6) Motion to Dismiss[41] filed by the St. Tammany Parish Sheriff's Office is **GRANTED,** and all claims against the St. Tammany Parish Sheriff's Office are **DISMISSED WITH PREJUDICE.**

---

[39] *Valle v. City of Houston*, 613 F.3d 536, 521 (5th Cir. 2010) (*quoting Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)).
[40] *Id.* (*quoting Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)).
[41] R. Doc. 7.

The Motion to Dismiss Pursuant to Rule 12(b)(6)[42] filed by Sheriff Randy Smith, Deputy Jason D. Wilson, Deputy David W. Maki, and Deputy Preston S. McCarra is **GRANTED,** and all claims against Sherriff Randy Smith and against David Maki are **DISMISSED WITHOUT PREJUDICE.**

**New Orleans, Louisiana**, on this 12th day of March, 2020.

*[signature]*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[42] R. Doc. 13.